**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON PATTERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.    03 C 4433** |
| **vs.** | ) | |
| | ) | **Judge Gottschall** |
| **Former Chicago Police Lt. JON BURGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **AARON PATTERSON, BARRY &** | ) | |
| **LOEWY LLP, and AVILA & TOMIC LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No.    08 C 1048** |
| **vs.** | ) | |
| | ) | **Judge Darrah** |
| **THE PEOPLE'S LAW OFFICE, G. FLINT** | ) | |
| **TAYLOR, JOEY L. MOGUL, MICHAEL** | ) | |
| **E. DEUTSCH, STANDISH E. WILLIS, and** | ) | |
| **J. SAMUEL TENENBAUM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION OF PEOPLE'S LAW OFFICE, G. FLINT TAYLOR, JOEY L. MOGUL,**
**MICHAEL E. DEUTSCH and STANDISH E. WILLIS TO REASSIGN CASE 08 C 1048**
**TO JUDGE GOTTSCHALL PURSUANT TO LOCAL RULE 40.4**

People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E.

Willis, by their attorney John L. Stainthorp, move pursuant to Local Rule 40.4 to reassign case #

08 C 1048 to Judge Gottschall, who is presiding over case # 03 C 4433, on the grounds that the

two cases are related in that they raise identical issues, and in support of this motion state:

1.  In case # 03 C 4433, *Patterson v. Burge*, this Court is currently deciding whether, and

1

to what extent, People's Law Office and Standish Willis are entitled to attorneys' fees from the proceeds of the settlement of Aaron Patterson's case against the City of Chicago and its employees.  *See* DE 820, 828, 839, 856.

2.  Specifically, in *Patterson v. Burge*, People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis have filed a motion to enforce a lien which they previously served on all the parties to case, and have sought to recover attorneys' fees pursuant to this lien and *quantum meruit*.   DE 820, 828.

3.  Barry & Loewy LLP and Avila & Tomic LLC, representing themselves and ostensibly also representing Aaron Patterson, have filed a response to this motion, asking the Court to find that People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis should receive nothing as a result of this lien because they allegedly breached their contract with Mr. Patterson, and alleging that People's Law Office and J. Samuel Tenenbaum committed misconduct by attempting to enforce the lien, and that People's Law Office and Willis thereby forfeited any right to attorneys' fees or costs.  *See* DE 839, 843.

4.  After PLO/Willis filed their motion in this Court to enforce their lien and recover pursuant to *quantum meruit*, Barry & Loewy LLP, Avila & Tomic LLC and, ostensibly, Aaron Patterson, all proceeding *pro se*, filed an action in Illinois state court against defendants People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch, Standish E. Willis and J. Samuel Tenenbaum, alleging that these defendants committed several acts of misconduct with respect to the request for attorneys' fees of People's Law Office and Standish Willis in *Patterson v. Burge.  See* Exhibit A, *Barry & Loewy LLP, Avila & Tomic LLC and Aaron Patterson v. People's Law Office, G. Flint Taylor, Joey L. Mogul and Michael E. Deutsch, Standish E. Willis*

2

*and J. Samuel Tenenbaum*, 2008 L 000121.

5.   This Complaint alleges five counts:  (1) a request for Declaratory Judgment by all plaintiffs against all defendants (Count I); (2) Breach of Contract between plaintiff Aaron Patterson and defendants People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis (Count II); (3) Civil Extortion, allegedly committed against all plaintiffs by all defendants (Count III); Conspiracy to Commit Civil Extortion, allegedly committed against all plaintiffs by all defendants (Count IV); and intentional infliction of emotional distress, allegedly committed against Aaron Patterson by all defendants. (Count V).

6.   The Complaint requests that the Court declare invalid the attorneys' lien of People's Law Office and Willis and hold that People's Law Office and Willis are not entitled to any settlement proceeds in *Patterson v. Burge*. (Complaint  26-31); alleges that People's Law Office breached its contract with Patterson when it withdrew from representing him in *Patterson v. Burge* (Complaint  32-36); alleges that People's  Law Office and J. Samuel Tenenbaum, committed extortion and conspiracy to commit extortion when People's Law Office filed an attorneys' lien in *Patterson v. Burge*, and People's Law Office and J. Samuel Tenenbaum attempted to enforce and resolve the lien (Complaint  38-42, and 44-50); and asserts that the filing of the attorneys' lien, and the efforts to enforce and resolve the lien through litigation and settlement negotiations were so extreme and outrageous that they caused Patterson great emotional distress, so much so his sleep has been disrupted.  (Complaint  52-56).

7.   This Complaint has now been removed by the People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch, Standish E. Willis and J. Samuel Tenenbaum to federal court, and has been initially assigned to Judge John Darrah.  Exhibit B, Notice of Removal, 08 C

1048.

8. In the Notice of Removal, the defendants in the former state court suit note that:

*Patterson v. Burge*, currently pending before the United States District Court for the Northern District of Illinois, raises substantially identical allegations to the allegations against the defendants in this lawsuit. Specifically, defendants People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis have filed a Motion to enforce the very lien which is the subject of this lawsuit, and have requested the very relief - payment of a large sum of money - which is alleged in this lawsuit to constitute extortion and intentional infliction of emotional distress. Further, in *Patterson v. Burge*, the plaintiffs in this action have asked the Court to find that defendants People's Law Office, G. Flint Taylor, Joey L. Mogul and Michael E. Deutsch and Standish E. Willis should receive nothing as a result of this lien because they breached their contract with Mr. Patterson, and that People's Law Office and J. Samuel Tenenbaum committed misconduct by attempting to enforce the lien, and People's Law Office and Willis thereby forfeited any right to attorneys' fees or costs. *See* DE 820, 828, 839, 856.

08 C 1048, DE 1.

9. Pursuant to the local rules for the Northern District of Illinois, cases are deemed related if:

one or more of the following conditions are met:
(1) the cases involve the same property;
(2) the cases involve some of the same issues of fact or law;
(3) the cases grow out of the same transaction or occurrence . . .

LR40.4.

10. It is clear that *Patterson v. Burge* and case 08 C 1048 are related pursuant to this rule: they involve the same property (the proceeds of the settlement in *Patterson v. Burge*); they involve the same issues of fact and law (whether PLO/Willis are entitled to any share of the proceeds in *Patterson v. Burge*); and grow out of the same transaction or occurrence (PLO/Willis' representation of Aaron Patterson and whether they are entitled to any attorneys' fees as a result of that representation).

4

11.  Pursuant to LR40.4 (b):

A case may be reassigned to the calendar of another judge if it is found to be related
to an earlier-numbered case assigned to that judge and each of the following criteria
is met:
(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial
saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case
as related would be likely to delay the proceedings in the earlier case substantially;
and
(4) the cases are susceptible of disposition in a single proceeding.

12.  It is clear that each of these criteria has been satisfied in this case.  Both case 03 C

4433 and 08 C 1048 are currently pending in this court; the identical issues are raised in both

cases, so that a single determination by this Court would result in a substantial saving of judicial

time and effort; the issue of the propriety of the lien of PLO/Willis and their entitlement to

attorneys' fees pursuant to *quantum meruit* is currently before the Court and has been

substantially briefed so reassignment of 08 C 1048 to this Court would not delay the proceedings

in 03 C 4433; and it is clear that the cases are susceptible of disposition in a single proceeding - if

Barry & Loewy LLP and Avila & Tomic LLC, ostensibly representing Aaron Patterson, are

correct and PLO/Willis breached their contract with Patterson and engaged in such serious

misconduct as extortion with respect to their request for attorneys' fees, then that would be cause

enough to deny them attorneys' fees in case 03 C 4433.  On the other hand, if PLO/Willis did not

breach their contract with Patterson, and were entitled to withdraw, then they would be entitled to

fees, and a demand to settle their entitlement to fees could not possibly constitute extortion.  *See*

*McGill v. Garza*, 2007 Ill. App. LEXIS 1284 (1st Dist. 2007); *see also Becker v. Zellner*, 292 Ill.

App. 3d 116, 129-130 (2nd Dist. 1997) ("setting forth a 'hard bargaining position,' threatening to

institute civil suits, or declaring 'that one intends to use the courts to insist upon what he believes to be his legal rights' are not actionable.").

13.  Although Local Rule 40.4 (c) suggests that motions to reassign should not normally be filed until Answers or Motions in lieu of Answers have been filed, in the unusual circumstances raised by this case, where the issues raised by the removed lawsuit are identical to the issues already pending before this court, and where all the parties in the removed lawsuit are already directly involved in the earlier suit and will be directly advised of this motion, a motion to reassign at this time is appropriate and timely, and will save judicial resources by having one judge decide these identical issues.

Wherefore People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis move that this court find that cases 03 C 4433 and 08 C 1048 are related within the meaning of the rules of this Court and, further find that the higher-numbered case should be reassigned, and that this Court send this determination to Judge Darrah in accordance with Local Rule 40.4 (d).

Dated: February 21, 2008                          Respectfully Submitted,

                                                  /s/ John L. Stainthorp
                                                  John L. Stainthorp, G. Flint Taylor
                                                  Joey Mogul, Michael E. Deutsch
                                                  People's Law Office
                                                  1180 N. Milwaukee
                                                  Chicago, IL 60622
                                                  773 235 0070

                                                  Standish Willis
                                                  407 S Dearborn Street, Suite 1395
                                                  Chicago, IL 60605-1158
                                                  312 554 0005