IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| AARON PATTERSON, BARRY & LOEWY LLP, and ÁVILA & TOMIC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE PEOPLE'S LAW OFFICE, G. FLINT TAYLOR, JOEY L. MOGUL, MICHAEL E. DEUTSCH, STANDISH E. WILLIS, and J. SAMUEL TENENBAUM,<br><br>Defendants. | No. _____ |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, AARON PATTERSON, ÁVILA & TOMIC LLC and BARRY & LOEWY LLP, complaining of the Defendants, THE PEOPLE'S LAW OFFICE, G. FLINT TAYLOR, JOEY L. MOGUL, MICHAEL E. DEUTSCH, STANDISH E. WILLIS, and J. SAMUEL TENENBAUM, and state as follows:

### I. THE PARTIES

1. At various times mentioned and relevant herein, Defendants, The People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch, and Standish E. Willis, (hereinafter, all five, collectively, "The PLO"), were attorneys licensed to practice law in the State of Illinois and were, at one time, civil attorneys for Plaintiff Aaron Patterson in the lawsuit entitled *Aaron Patterson v. Jon Burge, et al.*, Case No. 1:03-CV-04433, in the United States District Court for the Northern District of Illinois, Eastern Division (hereinafter, the "Lawsuit").

2. Defendants G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch and Standish E. Willis are residents of Illinois. At various times mentioned and relevant herein, Defendants G.

1

Flint Taylor, Joey L. Mogul, Michael E. Deutsch, and Standish E. Willis were agents, servants, officers, directors, employees and/or attorneys of Defendant The People's Law Office, a registered Illinois legal entity with its principal place of business in Cook County, Illinois.

3. At various times mentioned and relevant herein, Defendant J. Samuel Tenenbaum (hereinafter, "Tenenbaum"), is an attorney licensed to practice law in the State of Illinois, a clinical professor at Northwestern University Law School, of-counsel with the Chicago office of Chuhak and Tecson, P.C. (or, previously, the Chicago office of Sachnoff & Weaver, Ltd.), and a resident of Illinois. Tenenbaum's principal places of business are in Cook County, Illinois. Tenenbaum, acting in concert with The PLO, is engaged in an ongoing civil conspiracy to commit civil extortion and extort money from Plaintiffs.

4. At all times mentioned herein, Plaintiff Aaron Patterson is a resident of Cook County, Illinois. Plaintiff Barry & Loewy LLP is a registered Texas legal entity with its principal place of business in Travis County, Texas. Plaintiff Ávila & Tomic LLC is a registered Illinois legal entity with its principal place of business in Cook County, Illinois. At various times mentioned and relevant herein and to this date, Barry & Loewy LLP and Ávila & Tomic LLC are the civil attorneys for Plaintiff Aaron Patterson in the Lawsuit.

## II. JURISDICTION & VENUE

5. All or substantially all of the acts and omissions that give rise to the claims asserted herein occurred in Cook County, Illinois.

## III. FACTS

### A. *The Lawsuit:*

6. On or before June 26, 2003, Plaintiff Aaron Patterson hired The PLO and non-party attorney Demitrus Evans through a retainer agreement (hereinafter, the "Retainer

Agreement") to represent Plaintiff Aaron Patterson as his civil attorneys for his claims against various defendants in the §1983 federal civil rights lawsuit entitled *Aaron Patterson v. Jon Burge, et al.,* Case No. 1:03-CV-04433, in the United States District Court for the Northern District of Illinois, Eastern Division, for injuries arising out of Plaintiff's torture and abuse, malicious prosecution, wrongful imprisonment, and condemnation to the death penalty (previously defined in Paragraph 1 hereof as the "Lawsuit").

7. The Retainer Agreement was a contingent-fee agreement between Plaintiff Aaron Patterson and The PLO. It created the existence of an attorney-client relationship between Plaintiff Aaron Patterson and The PLO. It also provided that The PLO would only be entitled to a contingent-fee interest in the outcome of the Lawsuit if The PLO actually obtained finality to the Lawsuit through either an accepted monetary settlement or judgment for Plaintiff Aaron Patterson.

8. The existence of the attorney-client relationship between Plaintiff and The PLO also gave rise to certain ethical and contractual obligations by The PLO in its dealings and representation with Plaintiff, including: 1) the obligation to deal with Plaintiff honestly; 2) to act in good faith in the discharge of their contractual obligations and professional dealings with Plaintiff; 3) to provide diligent and competent representation to Plaintiff; and 4) not to withdraw from their representation of Plaintiff without taking all reasonable steps necessary to avoid any foreseeable prejudice to the rights of Plaintiff in his continued prosecution of the Lawsuit.

9. Unfortunately for Plaintiff Aaron Patterson, all of these ethical and contractual obligations were breached by The PLO. Not only did The PLO fire Plaintiff Aaron Patterson as a client and withdraw from the Lawsuit while he was incarcerated in a federal correctional facility, they refused to help Plaintiff Aaron Patterson find another lawyer and instead actively

sought to sabotage his continued prosecution of the cased by slandering Plaintiff Aaron Patterson to other potential layers and refusing to communicate thereafter with Plaintiff Aaron Patterson regarding the Lawsuit and his obligations regarding outstanding discovery and critical pending motion practice. Needless to say, The PLO was never able to successfully obtain a single formal monetary settlement offer for Plaintiff.

10.  On or about June 26, 2003, The PLO, along with non-party attorney Demitrus Evans, filed the Lawsuit in the in the United States District Court for the Northern District of Illinois, Eastern Division. The Lawsuit is a very complex and highly-publicized §1983 federal civil rights lawsuit filed against numerous civil defendants, including, the City of Chicago, the County of Cook, and numerous high-ranking city and county officials. It was, and continues to be, vigorously defended by a score of lawyers. Needless to say, Plaintiff Aaron Patterson expected The PLO to provide him with adequate and competent legal representation and counsel, and to vigorously prosecute his case to finality. Unfortunately, The PLO did not live up to their end of the bargain. If Plaintiff Aaron Patterson had ever known that there was a chance that The PLO was going to fire him without cause and abandon him in the middle of a very complex and highly-publicized §1983 federal civil rights lawsuit, he never would have hired them.

### B. *The PLO Fires Aaron Patterson, Derails The Lawsuit, and Gives Notice of a Knowingly Fraudulent Attorney's Lien:*

11.  On or about January 26, 2006, during a critical stage in the Lawsuit when complex discovery and procedural battles involving complicated motion practice were ongoing, The PLO, without warning or just cause, fired Plaintiff Aaron Patterson and withdrew their representation of him in the Lawsuit. Attorney Demitrus Evans wanted to continue representing Plaintiff Aaron Patterson even though The PLO did not, but she told Plaintiff Aaron Patterson

that she did not have the financial resources to continue fighting nearly twenty defendants, thus, she also withdrew her representation of Plaintiff.

12. Thus, on or about January 26, 2006, The PLO had abandoned Plaintiff Aaron Patterson and left him without any legal representation or counsel whatsoever in the middle of a very complex and highly-publicized §1983 federal civil rights lawsuit against nearly twenty defendants. The PLO did so knowing that Plaintiff Aaron Patterson was incarcerated in the Metropolitan Correctional Center in Chicago, Illinois, without normal access to the outside world much less the ability to find other legal representation and counsel.

13. Moreover, after firing Plaintiff Aaron Patterson without good or just cause, The PLO, acting with malicious intent: 1) refused to help Plaintiff Aaron Patterson find other legal representation and counsel; 2) publicly defamed Plaintiff Aaron Patterson to other potential civil rights lawyers in Chicago who expressed interest in representing Plaintiff Aaron Patterson in efforts to keep these lawyers from pursuing the case; and 3) attempted to sabotage Plaintiff Aaron Patterson's success in the Lawsuit by cutting off all communication with him and refusing to help him to understand what complex discovery and procedural issues needed to be taken care of during that critical stage in the Lawsuit. Unfortunately, while unrepresented by counsel and *pro se*, Plaintiff Aaron Patterson's case was irreparably harmed and he lost a number of these complex discovery and procedural issues. There is no question that The PLO's malicious and unethical conduct caused Plaintiff Aaron Patterson unnecessary pain and suffering and great mental anguish, and greatly prejudiced Plaintiff Aaron Patterson's rights and success in the Lawsuit.

14. Yet, unbelievably, on January 19, 2006, *a week prior* to withdrawing as Plaintiff Aaron Patterson's counsel of record, The PLO served notice on all of the nearly twenty

defendants in the Lawsuit of an alleged attorney's lien against Plaintiff Aaron Patterson and any settlement or judgment proceeds he may collect from the Lawsuit. This is unbelievable in at least four respects: 1) The PLO fired Plaintiff Aaron Patterson without good cause; and 2) The PLO was never able to produce a single formal settlement offer from any of the defendants; 3) The PLO purposely allowed the statute of limitations to run on Mayor Richard M. Daley and withheld suing him for his role in the events giving rise to the Lawsuit, despite Plaintiff Aaron Patterson's repeated requests to The PLO to sue Mayor Daley; and 4) The PLO knowingly gave notice of a fraudulent attorney's lien by including the name of at least one lien holder whom did *not* give her permission or consent to be included on the lien.

15.   Plaintiff Aaron Patterson is not a lawyer. He has never had any formal legal training. At the time The PLO fired him without cause and withdrew from representing him in the Lawsuit, Plaintiff Aaron Patterson was incarcerated in a federal correctional facility. As such, *at a minimum*, The PLO owed a duty to continue communicating with Plaintiff Aaron Patterson regarding the Lawsuit and his responsibilities and obligations related to the complex discovery and procedural issues pending during that critical stage in the Lawsuit. Moreover, The PLO should have at least attempted to help Plaintiff Aaron Patterson find another lawyer as The PLO knew he certainly would be unable to successfully represent himself *pro se*.

16.   Unfortunately, however, The PLO did none of these things. Instead, The PLO cut off all communication with Plaintiff Aaron Patterson, and then they began publicly defaming him to other potential civil rights lawyers in Chicago who expressed interest in representing Plaintiff Aaron Patterson. Not only was The PLO's conduct unethical and malicious, it irreparably damaged Plaintiff Aaron Patterson's interests in the Lawsuit. Because of The PLO's actions and omissions, Plaintiff Aaron Patterson went without any legal representation or counsel

for nearly five months, in the middle of a very complex and highly-publicized §1983 federal civil rights during a critical stage when complex discovery and procedural battles with nearly twenty defendants involving complicated federal motion practice were ongoing, while he was incarcerated and without normal access to the outside world. The PLO's actions and omissions caused Plaintiff Aaron Patterson to lose many of the important pending discovery and procedural issues, all of which irreparably damaged his interests in the Lawsuit and diminished its settlement value.

17. While *pro se*, the defendants in the Lawsuit were able to unilaterally approach Plaintiff Aaron Patterson, a non-lawyer with no legal training, and speak with him directly. During these five months, the City of Chicago approached Plaintiff Aaron Patterson and formally offered him a mere One Hundred Thousand U.S. Dollars (US$100,000.00) to settle the Lawsuit. This pitiful settlement offer by The City of Chicago was *the first and only settlement offer* any defendant had formally extended to Plaintiff Aaron Patterson up to that point in the Lawsuit. Plaintiff Aaron Patterson eventually rejected the City's offer of settlement.

### C.   *Aaron Patterson Obtains New Legal Counsel, and With Their Help Revitalizes The Lawsuit and Obtains a Settlement from the City of Chicago*

18. Fortunately, on June 1, 2006, Plaintiff Aaron Patterson was able to obtain the legal counsel of Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP. They agreed to pick up the ball that The PLO had dropped and to represent Plaintiff Aaron Patterson in the Lawsuit. Both Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP quickly noticed the irreparable damage that The PLO had done to Plaintiff Aaron Patterson's interests by abandoning him at such a critical time in the Lawsuit. Moreover, both Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP were repeatedly hampered and stymied by The PLO as the former were attempting to get the Lawsuit back on track. For example, The PLO refused to hand over all of Plaintiff

Aaron Patterson's documents, along with the complete file despite, numerous requests by Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP that they do so. The PLO also refused to return numerous telephone calls and email messages from Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP attempting to confer about important time-sensitive issues regarding the Lawsuit. Even more incredible, The PLO, while representing other consolidated plaintiffs, secretly and purposely engaged in self-admitted "sham" discovery with the defendants in attempts to negotiate a settlement of their other cases to the detriment of Plaintiff Aaron Patterson and the Lawsuit.

19. The PLO did nothing to help Plaintiff Aaron Patterson succeed in the Lawsuit case after The PLO fired him. In fact, The PLO went behind his back, acted with only their self-interests in mind, and did everything they could to help themselves knowing that their actions worked completely against the interests of Plaintiff Aaron Patterson. In other words, after firing Plaintiff Aaron Patterson, The PLO had completely shut him, publicly defamed him and the Lawsuit, refused to cooperate with Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP, and engaged in secretive negotiations and self-admitted "sham" discovery knowing that their actions, while benefiting themselves, worked to the detriment of Plaintiff Aaron Patterson's interests in the Lawsuit.

20. Yet despite all the irreparable damage that The PLO had created and continued to do to Plaintiff Aaron Patterson's interests in the Lawsuit, Plaintiff Aaron Patterson and his attorneys Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP prevailed. Through nearly a year and a half of continuous hard-fought and tireless efforts, and many tactful and strategic litigation tactics, Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP brought the City of Chicago to the negotiating table. In December 2007, Plaintiffs Ávila & Tomic LLC and Barry &

Loewy LLP obtained a settlement in an amount equal to Five Million U.S. Dollars (US$5,000,000.00) for Plaintiff Aaron Patterson, which he accepted.

### D. *J. Samuel Tenenbaum and The PLO Actively Engage in a Conspiracy to Extort Over One Million Dollars from Plaintiffs*

21.   In late 2007, upon hearing about Plaintiff Aaron Patterson's settlement with the City of Chicago, The PLO, through their self-proclaimed lawyer and representative, Tenenbaum, conspired together and actively engaged in a scheme to extort over One Million Dollars from Plaintiffs. Specifically, Tenenbaum made repeated demands to Plaintiffs, via telephone and email, alleging that he and his clients, The PLO, are owed at least One Million U.S. Dollars (US$1,000,000.00) of any settlement monies Plaintiff Aaron Patterson or attorney fees Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP obtain from the settlement with the City of Chicago. Unbelievably, Tenenbaum and The PLO have based all of their demands on a knowingly fraudulent attorney's lien that The PLO fabricated before firing Plaintiff Aaron Patterson. Tenenbaum has even gone so far in his attempts to perpetrate this extortion scheme and validate this fraudulent lien by making material and false statements on the record under oath to the U.S. District Court for the Northern District of Illinois: namely that he represented named lien holders on this knowingly fraudulent lien whom he knew he did not represent, and that he had authority to act on their behalf(s) when he knew that he did not. Tenenbaum and The PLO have engaged in these illegal and unethical behaviours in furtherance of their attempts to extort at least One Million U.S. Dollars (US$1,000,000.00) of any settlement monies Plaintiff Aaron Patterson or attorney fees Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP obtain from the settlement with the City of Chicago. Moreover, Tenenbaum and The PLO have engaged in these illegal and unethical behaviours in furtherance of their attempts to defraud the City of Chicago.

9

22. Tenenbaum knew that The PLO had given notice of a false attorney's lien against Plaintiff Aaron Patterson, a lien which fraudulently contained the name of at least one attorney from whom they had had never obtained permission or consent to file a lien on her behalf: specifically non-party attorney Demitrus Evans. Nonetheless, Tenenbaum and The PLO attempted to validate this fraudulent lien and unlawfully extort at least One Million U.S. Dollars (US$1,000,000.00) from Plaintiffs by contacting Demitrus Evans on numerous occasions around in late 2007, via telephone and email, in attempts to convince her to "play along" with Tenenbaum and The PLO regarding their withdraw from the Lawsuit and the validity of the lien.

23. Specifically, Tenenbaum and The PLO attempted to induce non-party attorney Demitrus Evans to lie about their fraudulent lien and conspire with them to validate it by attempting to induce her to: 1) fraudulently agree that she actually had knowledge of the attorney's lien in January 2006 and had given her permission to be included in it (when she had not); 2) fraudulently agree that Tenenbaum was her lawyer and represented her alleged interests in this fraudulent lien (even though she had never met nor spoken with Tenenbaum); and 3) fraudulently agree to "play along" with whatever Tenenbaum and The PLO said regarding this fraudulent lien, its validity, and the reasons behind why they fired Plaintiff Aaron Patterson and their withdraw from the Lawsuit. Demitrus Evans, however, held her honour and refused.

24. Despite knowing his statements to be materially false and perjurous, Tenenbaum went on record, under oath, in federal court, in front of a U.S. District Court Senior Judge, and falsely claimed that he represented all the named lien holders on this fraudulent lien whom he knowingly did not represent, and that he had authority to act on all of their behalves when he knew that he did not. Moreover, Tenenbaum and The PLO knew that The PLO had fired Plaintiff Aaron Patterson without good cause, irreparably damaged his case, maliciously

defamed him, and thereafter secretly engaged in "sham" discovery and settlement negotiations with the some of the same defendants in the consolidated cases in attempts to negotiate a settlement of these other cases that would benefit them and detriment Plaintiffs.

25. Thus, Tenenbaum and The PLO have conspired together and engaged in the aforementioned fraudulent and unethical conduct in efforts to further their conspiracy to extort over One Million Dollars from Plaintiffs. Acting in concert, they have attempted to validate a knowingly fraudulent lien through false representations and deception, and they have attempted to recruit other parties into committing perjury and other illegal and unethical acts on their behalves in order to further their extortion plot and conspiracy. Tenenbaum has even gone as far as to lie under oath and perjure himself to a federal court of the Northern District of Illinois' Eastern Division. Tenenbaum and The PLO continue to act in furtherance of their conspiracy to extort Plaintiffs of over One Million U.S. Dollars (US$1,000,000.00).

## IV.　CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT

*Aaron Patterson, Barry & Loewy LLP & Ávila & Tomic LLC*
*v.*
*The People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch,*
*Standish E. Willis,& J. Samuel Tenenbaum*

26. Paragraphs 1 - 25 hereof are hereby incorporated as if fully set out herein.

27. This dispute involves a justiciable controversy regarding the rights and status of the parties. This controversy is real and substantial and involves a genuine conflict of tangible interests and is not merely a theoretical dispute.

28. On or before June 26, 2003, The PLO, along with non-party attorney Demitrus Evans, entered into the Retainer Agreement with Plaintiff Aaron Patterson to represent him as

his civil attorneys in the Lawsuit. The Retainer Agreement gave rise to ethical and contractual obligations amongst the parties.

29. On or about January 26, 2006, The PLO and Demitrus Evans fired Plaintiff Aaron Patterson as a client and withdrew from representing him in the Lawsuit. Plaintiff Aaron Patterson did nothing to make his representation impossible to carry out. In fact, Plaintiff Aaron Patterson did not want The PLO or Demitrus Evans to fire him or withdraw from the Lawsuit. Nevertheless, The PLO abandoned Plaintiff Aaron Patterson and left him without legal representation or counsel in the middle of a very complex and highly-publicized §1983 federal civil rights lawsuit against nearly twenty defendants, knowing that Plaintiff Aaron Patterson was incarcerated without normal access to the outside world and would likely be unable to find other legal representation and counsel.

30. Moreover, after breaching their agreement, The PLO: 1) refused to help Plaintiff Aaron Patterson find other legal representation and counsel; 2) publicly defamed Plaintiff Aaron Patterson to other potential civil rights lawyers in Chicago who expressed interest in representing Plaintiff Aaron Patterson; 3) cut off all communication with him and refused to help him understand what needed to be done during that critical stage in the Lawsuit when complex discovery and procedural issues where being vigorously contested; and 4) conspired to extort over One Million Dollars from Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP, and 5) gave notice of a false attorney's lien.

31. In light of the foregoing facts, Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP seek a declaration that: 1) The PLO breached the Retainer Agreement by firing Plaintiff Aaron Patterson; 2) that the attorney's lien currently asserted by The PLO is not legally valid; and 3) that Tenenbaum and The PLO are not entitled to any of the settlement

proceeds that Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP obtain from the Lawsuit.

### COUNT II – BREACH OF CONTRACT

*Aaron Patterson*
*v.*
*The People's Law Office, G. Flint Taylor, Joey L. Mogul,*
*Michael E. Deutsch, & Standish E. Willis*

32.  Paragraphs 1 - 25 are hereby incorporated as if fully set out herein.

33.  On or about January 26, 2006, The PLO and Demitrus Evans fired Plaintiff Aaron Patterson as a client and withdrew from representing him in the Lawsuit. Plaintiff Aaron Patterson did nothing to make his representation impossible to carry out. In fact, Plaintiff Aaron Patterson did not want The PLO or Demitrus Evans to fire him or withdraw from the Lawsuit. Nevertheless, The PLO abandoned Plaintiff Aaron Patterson and left him without legal representation or counsel in the middle of a very complex and highly-publicized §1983 federal civil rights lawsuit against nearly twenty defendants, knowing that Plaintiff Aaron Patterson was incarcerated without normal access to the outside world and would likely be unable to find other legal representation and counsel.

34.  Moreover, after firing Plaintiff Aaron Patterson, The PLO, acting with malicious intent: 1) refused to help Plaintiff Aaron Patterson to find other legal representation and counsel; 2) publicly defamed Plaintiff Aaron Patterson to other potential civil rights lawyers in Chicago who expressed interest in representing Plaintiff Aaron Patterson in efforts to keep these lawyers from pursuing the case; and 3) attempted to sabotage Plaintiff Aaron Patterson's success in the Lawsuit by cutting off all communication with him and refusing to help him to understand what complex discovery and procedural issues needed to be taken care of during that critical stage in the Lawsuit. Unfortunately, while unrepresented by counsel and *pro se*, Plaintiff Aaron

Patterson's case was irreparably harmed and he lost a number of these complex discovery and procedural issues. There is no question that The PLO's malicious and unethical conduct caused Plaintiff Aaron Patterson unnecessary pain and suffering and great mental anguish, and greatly prejudiced Plaintiff Aaron Patterson's rights and success in the Lawsuit.

35. As a direct and proximate result of The PLO Defendants' breach of said contract Plaintiff Aaron Patterson has sustained damages.

36. WHEREFORE, Plaintiff Aaron Patterson prays for judgment against The PLO Defendants for Millions of Dollars in damages, together with all reasonable and necessary costs and attorneys' fees associated with the prosecution of his lawsuit.

### COUNT III – CIVIL EXTORTION

*Aaron Patterson, Barry & Loewy LLP & Ávila & Tomic LLC*
*v.*
*The People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch,*
*Standish E. Willis, & J. Samuel Tenenbaum*

37. Paragraphs 1 - 25 are hereby incorporated as if fully set out herein.

38. In late 2007, upon hearing about Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP' s settlement with the City of Chicago, Tenenbaum and The PLO conspired together and actively engaged in a scheme to extort over One Million Dollars from Plaintiffs. Specifically, Tenenbaum made repeated demands to Plaintiffs via, telephone and email, that he and The PLO are owed at least One Million Dollars of any settlement monies Plaintiffs obtained from The City of Chicago. Tenenbaum and The PLO have based all of their demands on a knowingly fraudulent attorney's lien that The PLO created. Tenenbaum has even gone so far in his attempts to perpetrate this extortion scheme and validate this fraudulent lien by knowingly making material and false statements on the record under oath to the U.S. District Court for the Northern District of Illinois: namely that he represented named lien holders on this

knowingly fraudulent lien whom he knew he did not represent, and that he had authority to act on their behalf(s) when he knew that he did not. Tenenbaum and The PLO have engaged in these illegal and unethical behaviours in furtherance of their attempts to extort at least One Million Dollars of any settlement monies Plaintiff Aaron Patterson or attorney fees Plaintiffs Ávila & Tomic LLC and Barry & Loewy LLP obtain from the settlement with the City of Chicago. Moreover, Tenenbaum and The PLO have engaged in these illegal and unethical behaviours in furtherance of their attempts to defraud the City of Chicago.

39. Moreover, Tenenbaum and The PLO attempted to validate this fraudulent lien and unlawfully extort settlement monies from Plaintiffs by contacting Demitrus Evans on numerous occasions in late 2007, via telephone and email, in attempts to convince her to "play along" with whatever Tenenbaum and The PLO said happened regarding their withdraw from the Lawsuit and the validity of the lien. Specifically, Tenenbaum and The PLO attempted to induce non-party attorney Demitrus Evans to lie about their fraudulent lien and conspire with them to validate it by attempting to induce her to: 1) fraudulently agree that she actually had knowledge of the attorney's lien in January 2006 and had given her permission to be included in it (when she had not); 2) fraudulently agree that Tenenbaum was her lawyer and represented her alleged interests in this fraudulent lien (even though she had never met nor spoken with Tenenbaum); and 3) fraudulently agree to "play along" with whatever Tenenbaum and The PLO said regarding this fraudulent lien, its validity, and the reasons behind why they fired Plaintiff Aaron Patterson and their withdraw from the Lawsuit.

40. Thus, Tenenbaum and The PLO have conspired together and engaged in the aforementioned fraudulent and unethical conduct in efforts to extort over One Million Dollars from Plaintiffs. As a direct and proximate result of Defendants Tenenbaum's and The PLO's

actions, Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP have sustained damages.

41. WHEREFORE Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP pray for judgment against Defendants Tenenbaum and The PLO for Millions of Dollars in compensatory damages together with all reasonable and necessary costs and attorneys' fees associated with the prosecution of his lawsuit.

42. Since Defendants Tenenbaum and The PLO acted in a malicious, wilful and/or wanton manner, Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP also seeks punitive damages against them.

### COUNT IV – CONSPIRACY TO COMMIT CIVIL EXTORTION

*Aaron Patterson, Barry & Loewy LLP & Ávila & Tomic LLC*
*v.*
*The People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch,*
*Standish E. Willis, & J. Samuel Tenenbaum*

43. Paragraphs 1 - 25 are hereby incorporated as if fully set out herein.

44. Defendants Tenenbaum and The PLO, together, reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired amongst and between themselves actions in attempts to legitimize a fraudulent attorney's lien and in efforts to unlawfully extort over One Million U.S. Dollars (US$1,000,000.00) from Plaintiffs.

45. In furtherance of this conspiracy or conspiracies, Defendants Tenenbaum and The PLO committed the overt acts set forth in the preceding paragraphs.

46. Said conspiracy and overt acts were and are continuing in nature.

47. Defendants' overt acts, as set forth above, were committed jointly and/or while conspiring together to legitimize a fraudulent attorney's lien and in efforts to unlawfully extort over One Million Dollars from Plaintiffs, and constitute the tort of conspiracy as set forth above.

48. As a direct and proximate result of Defendants Tenenbaum's and The PLO's actions, Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP have sustained damages.

49. WHEREFORE Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP pray for judgment against Defendants Tenenbaum and The PLO for Millions of Dollars in compensatory damages together with all reasonable and necessary costs and attorneys' fees associated with the prosecution of his lawsuit.

50. Since Defendants Tenenbaum and The PLO acted in a malicious, wilful and/or wanton manner, Plaintiffs Aaron Patterson, Ávila & Tomic LLC and Barry & Loewy LLP also seeks punitive damages against them.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Aaron Patterson*
*v.*
*The People's Law Office, G. Flint Taylor, Joey L. Mogul, Michael E. Deutsch,*
*Standish E. Willis, & J. Samuel Tenenbaum*

51. Paragraphs 1 - 25 are hereby incorporated as if fully set out herein.

52. Defendants Tenenbaum and The PLO have engaged in extreme and outrageous conduct as set forth in the preceding paragraphs.

53. Defendants Tenenbaum and The PLO acted with the intention to inflict severe emotional distress on Plaintiff Aaron Patterson and knew that their conduct would cause Plaintiff Aaron Patterson severe emotional distress.

54. As a direct and proximate result of Defendants Tenenbaum's and The PLO's extreme and outrageous conduct, Plaintiff Aaron Patterson has sustained damages, including, but not limited to great mental anguish, severe emotional distress, sleep disruption, anxiety, and depression.

55. WHEREFORE Plaintiff Aaron Patterson prays for judgment against Defendants Tenenbaum and The PLO for Millions of Dollars in compensatory damages together with all reasonable and necessary costs and attorneys' fees associated with the prosecution of his lawsuit.

56. Because Defendants Tenenbaum and The PLO acted in a malicious, wilful and/or wanton manner, Plaintiff Aaron Patterson also seeks punitive damages against them.

### V.  JURY DEMAND

57. Plaintiffs demand a jury trial on all counts.

Respectfully Submitted,

AARON PATTERSON, ÁVILA & TOMIC LLC, and
BARRY & LOEWY LLP

By: _____
One of Plaintiffs' Attorneys

Firm No. 41101
ÁVILA & TOMIC LLC
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 – *Telephone*
312-762-5929 – *Telefacsimile*

BARRY & LOEWY LLP
401 Congress Avenue, Suite 1540
Austin, Texas 78701-3851
800-892-5044 – *Telephone*
512-687-3481 – *Telefacsimile*

**ATTORNEYS FOR PLAINTIFFS**